United States Bankruptcy Court
Eastern District of Michigan

In re: PHILIP JAMES MASTALSKI and         Case No. 09-73931-swr
       DONNA LYNN MASTALSKI,        Judge: Steven W. Rhodes
                          Debtor(s).
_____/

Debtor's Chapter 13 Confirmation Hearing Certificate
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. ___ Request confirmation of the debtor's plan, even though all timely objections have not been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.  The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts.  The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

       Trustee Objections:   Trustee has listed 25 basis to object to the proposed Plan
       Issues:   Many, however Debtors believe they may be addressed prior to the adjourned hearing
             date.

       Creditor # 1: HSBC Auto Finance
       Objections:  Application of the 910 Day Rule
       Issues:   Debtors believe all issues will be resolved via the Amended Plan.

       Creditor # 2:  Huron Community Bank
       Objections:   Rate of interest being paid; proposal of payment less than value of properties and their balances;
       Issues: Debtors believe all issues will be resolved via the Amended Plan.

       Creditor # 3:   Chrysler Financial Services Americas LLC
       Objections:    Specific language required in Plan; receive equal monthly payments; amend order of payment of claims to comply with 11 U.S.C. §1325(a)(5)(b)(iii); payments 100% current at confirmation;
       Issues:  Debtors believe all issues will be resolved via the Amended Plan.

3. XX Request an adjournment of the confirmation hearing to *February 24, 2010 at 9:00 a.m.*, due to the following good cause:   To file an Amended Chapter13 Plan, and address other objections which cannot be resolved by the Amended Plan.

4. ___ Dismiss the case.  [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13.  In that event, a separate motion to dismiss must be filed within 10 days.]

5. ___ Convert the case to chapter 7.  [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice.  Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Respectfully submitted by:
David R. Shook, Attorney for Debtors,

*/s/ David R. Shook, 1/13/2010*
David R. Shook, (P48663)
Attorney at Law, PLLC
6480 Citation Drive
Clarkston, MI 48346
Ph: 248-625-6600
david@davidshooklaw.com